UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

DEWAYNE JOYNER,
*Defendant.*

No. 3:17-cr-236 (JAM)

**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant Dewayne Joyner has filed a motion for judgment of acquittal following his conviction on multiple counts of unlawful possession of heroin with intent to distribute. I will deny the motion.

BACKGROUND

On January 31, 2020, a federal trial jury returned multiple verdicts of guilty against Joyner on charges of possessing heroin with the intent to distribute it on several days in September 2017. The Government's trial evidence showed that Joyner sold heroin to a confidential informant on September 6 and 7, and that on September 12 he was stopped with distribution quantities of heroin on his person and also kept more than 100 grams of heroin in a hotel room that he rented in downtown Bridgeport, Connecticut.[1]

As relevant here, a DEA chemist named Cindy Vitale testified at trial about her testing of some of the Government's heroin exhibits taken from Joyner's hotel room. In particular, she testified about her testing of Government Exhibit #21—an exhibit that contains approximately 58 grams of heroin mixed with fentanyl and quinine. She testified without objection about the chemical content of this exhibit based on her own analysis of the substances in the exhibit.

---

[1] The jury acquitted Joyner of a heroin charge relating to a controlled purchase transaction on September 8, 2017.

Consistent with the notes taken by a prior chemist who had initially tested the substance but who was not available for trial, she testified that one of the substances that she tested within Exhibit #21 included a composite of substances taken from 179 glassine bags that had been seized as evidence. Doc. #183 at 9-10.

Joyner has filed a motion for judgment of acquittal. Doc. #176. Joyner argues that Vitale's testimony about what the other non-testifying chemist did to make a composite sample from the substances within the 179 glassine bags "raises serious chain of custody issues and was a violation of the defendant's rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution." *Id.* at 2.

Joyner's motion concerns solely Vitale's testimony about the 58 grams of narcotics within Exhibit #21. Joyner does not otherwise challenge Vitale's remaining testimony with respect to Exhibit #23 which contained approximately 190 grams of a mixture containing heroin, fentanyl, and quinine and that was also seized from Joyner's hotel room.

## DISCUSSION

Rule 29 of the Federal Rules of Criminal Procedure allows for a criminal defendant to move for entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29. For purposes of a motion for a judgment of acquittal, I must review the evidence in the light most favorable to the Government, defer to the jury's assessments of witnesses' credibility and the weight of the evidence, and sustain the jury's verdict if any rational trier of fact could have found the evidence sufficient to establish the essential elements of the crime beyond a reasonable doubt. *See United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018).

Rule 33 of the Federal Rules of Criminal Procedure allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

"Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). The ultimate test for a Rule 33 motion is "whether letting a guilty verdict stand would be a manifest injustice." *United States v. Alston,* 899 F.3d 135, 146 (2d Cir. 2018). With respect to the alleged erroneous admission of evidence, Rule 52 of the Federal Rules of Criminal Procedure states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a).[2]

Joyner has failed to show any error that affected his substantial rights. To begin with, Joyner did not object at trial to any of the testimony that he now complains warrants a judgment of acquittal. Moreover, as the Government's briefing explains, Joyner's argument now amounts at most to a complaint that the Government failed to establish a proper chain of custody—a requirement that goes only to the weight, not necessarily the admissibility, of physical evidence. *See United States v. Bout,* 651 F. App'x 62, 63 (2d Cir. 2016); *see also United States v. Grant*, 967 F.2d 81, 82-83 (2d Cir. 1992) (*per curiam*) (affirming conviction on basis of chemist testimony despite 14-day break in chain of custody for tested narcotics and where defendant failed to object to the disputed testimony). Joyner has not otherwise shown that Vitale's testimony about the notes and steps taken by another chemist to prepare Exhibit #21 for testing was "testimonial" within the meaning of the Confrontation Clause.  *See Cook v. Bayle*, 718 F. App'x 51, 54-55 (2d Cir. 2017) (data from lab records not "testimonial" within the meaning of

---

[2] Joyner's "Motion for Judgment of Acquittal" fails to cite either Rule 29 or Rule 33. Because Joyner does not challenge the sufficiency of the evidence, it is obvious that he would not be entitled to a judgment of acquittal under Rule 29 even if he were correct that evidence from the DEA chemist was not properly admitted. *See United States v. Garabet*, 68 F. App'x 849, 852 n.1 (9th Cir. 2003). At best, if Joyner is correct that evidence was improperly admitted and that the admission of this evidence amounted to a manifest injustice, then he would be entitled to a new trial under Rule 33 and only then as to any of those counts of conviction to which the erroneous evidence related.

the Confrontation Clause absent evidence that the primary purpose for creation of the data was as out-of-court substitute for trial testimony).

In any event, even assuming that it was error for the Court to allow Vitale to testify without objection with respect to the preparatory steps taken by another chemist to ready an exhibit for testing, Joyner has not established that this error conceivably affected the jury's verdict. The exhibit at issue (Exhibit #21) was from the search of Joyner's hotel room, and it related to only one of Joyner's four counts of conviction that stemmed from narcotics seized from the hotel room. Moreover, Joyner does not challenge the foundation or integrity of Vitale's testimony with respect to a separate exhibit (Exhibit #23) which contained 190 grams of heroin/fentanyl/quinine that was also seized from Joyner's hotel room. Accordingly, even assuming any error, Joyner has not established any grounds to conclude that any erroneous testimony about Exhibit #21 could have affected the jury's verdict for any of the four counts of conviction.

## CONCLUSION

For the reasons set forth above, defendant Dewayne Joyner's motion for judgment of acquittal (Doc. #176) is DENIED.

It is so ordered.

Dated at New Haven this 16th day of September 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge